UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| **CASE NO.:** CV 14-01443 SJO (JEMx) | **DATE:** March 13, 2014 |
| **TITLE:** Katherine Golub v. Wells Fargo Bank, N.A., et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo") Notice of Removal ("Notice"), filed on February 26, 2014. For the following reasons, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles ("Los Angeles County Superior Court").

I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2014, Plaintiff Katherine Golub ("Plaintiff") initiated the instant action against Wells Fargo and Defendant NDEX West, LLC ("NDEX") (collectively with Wells Fargo, "Defendants") in Los Angeles County Superior Court. (Notice Ex. A ("Complaint").) Plaintiff's Complaint alleges the following against Wells Fargo: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) negligence; (4) breach of contract; (5) breach of good faith; (6) unfair business practices; (7) declaratory relief; and (8) injunctive relief. (Compl. ¶¶ 9-48.) Plaintiff's claims are all state law claims related to Plaintiff's mortgage note with Wells Fargo. (*See generally* Compl.) On February 26, 2014, Wells Fargo removed the case to the Central District of California on the basis of diversity jurisdiction. (Notice 1.)

II.  DISCUSSION

Wells Fargo's Notice asserts that removal is proper based on diversity jurisdiction. (*See generally* Notice.) A defendant may remove an action to federal court on the basis of diversity jurisdiction if (1) there is complete diversity between the adverse parties in the action; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c). A district court may raise the issue of subject matter jurisdiction *sua sponte* any time during the pendency of an action. *Snell v. Cleveland, Inc.*, 316

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 14-01443 SJO (JEMx)          DATE:  March 13, 2014

F.3d 822, 826 (9th Cir. 2002).  The Court finds it proper to determine whether there is federal subject matter jurisdiction over this action.

Federal courts only have subject matter jurisdiction where the parties are completely diverse—where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Wells Fargo contends that there is complete diversity because Plaintiff is a citizen of California, while Wells Fargo is a citizen of South Dakota and NDEX is a nominal defendant who is not a citizen of California.  (Notice 2-5.)

For diversity purposes, an individual is a citizen of the state where he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of domicile.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff states that she resides in California.  (Compl. ¶ 1.)  The Court finds that Plaintiff is a citizen of California based on these uncontroverted pleadings.

Thus, complete diversity will only exist if no Defendant is a citizen of California.  Wells Fargo avers that it is a citizen of South Dakota because "its main office [is] located in Sioux Falls, South Dakota." (Notice 5.)  However, Wells Fargo "has regularly described its principal place of business as San Francisco, California."  *Stewart v. Wachovia Mortg. Corp., et al.*, No. 11-CV-06108, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011), *abrogated by Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034 (C.D. Cal. 2012).  The Court must determine whether Wells Fargo is only a citizen of the state where it has its main office or whether it is also a citizen in the state where it has its principal place of business.

28 U.S.C. § 1348 provides that  "[a]ll national banking associations shall, for the purposes of all [actions brought by private citizens] . . ., be deemed citizens of the States in which they are respectively located."  In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the United States Supreme Court confronted the question of whether the word "located" in section 1348 means that the citizenship of national banking associations is determined solely by the place designated in the bank's articles of association as its main office or whether the bank is also a citizen of every state in which it maintains a branch.  The Court first noted that "'located' is not a word of 'enduring rigidity,' but one that gains its precise meaning from context."  *Schmidt*, 546 U.S. at 307.  The Court then engaged in a review of the historical circumstances giving rise to the adoption of § 1348, finding that:

> [A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.  Were we to hold, as the Court of Appeals did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities.

CASE NO.: CV 14-01443 SJO (JEMx)     DATE: March 13, 2014

*Id.* Thus, the Court struck down the court of appeals' ruling that a national bank is a citizen of every state in which it maintains a branch. The Court did **not** institute a rule that a national bank is a citizen only of the state where its main office is located. Nor did the Court confront the precise issue of whether a national bank is also a citizen of the state where it maintains its principal place of business. Rather, it found that question unnecessary to answer. *Id.* at 317 n.9 ("The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.").

Moreover, the Supreme Court "signaled that the definitional content it provided for the word did not foreclose the possibility that further context would support an expanded definition." *Stewart*, 2011 WL 3323115, at *5. Additionally, the Court determined that Congress's goal in adopting section 1348 was to provide parity for state-chartered banks and national banks. *Schmidt*, 546 U.S. at 307, 310; *see also* 28 U.S.C. § 1332(c)(1); *Goodman v. Wells Fargo Bank, N.A.*, No. 11-CV-2685, 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011); *Mount v. Wells Fargo Bank, N.A.*, No. 08-CV-6298, 2008 WL 5046286, at *2 (C.D. Cal. 2008). State-chartered banks are citizens of their state of incorporation and also the state where their principal place of business is located. In order to accomplish the state-federal parity envisioned by Congress, national banks must also have this dual citizenship for the purpose of diversity jurisdiction.

The Court is aware that other cases from this District have held that Wells Fargo is not a citizen of California for diversity purposes. As these decisions are not from the United States Supreme Court or the Ninth Circuit, they are not binding on this Court. Moreover, some courts in this District have applied the principal place of business test and held that Wells Fargo is a California citizen for diversity purposes. *See, e.g.*, *Rouse v. Wachovia Mortgage, FSB*, No. 11-CV-0928, 2012 WL 174206, *8-14 (C.D. Cal. Jan. 13, 2012); *Goodman*, 2011 WL 2372044, at *2; *Mount*, 2008 WL 5046286, at *1-2. And courts in other districts have published opinions holding that both the home office test and the principle place of business test satisfy § 1348. *See, e.g.*, *Taheny v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1093 (E.D. Cal. 2012). The Court concludes that Wells Fargo is a citizen of California because its principal place of business is in California. Because Wells Fargo is a citizen of California, complete diversity is absent. Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court for lack of subject matter jurisdiction.

III.     RULING

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court. Accordingly, Defendant Wells Fargo Bank's Motion to Dismiss Case (Docket No. 10) and Defendant Wells Fargo Banks' Motion to Strike Portions of Plaintiff's Complaint (Docket No. 11) are hereby deemed MOOT. This action shall close.

IT IS SO ORDERED.

cc: order, docket, remand letter to Los Angeles Superior Court, West District, Santa Monica, No. SC121973